UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Michael David Huse, Jr.

    v.                                                         Civil No. 13-cv-117-JL
                                                                 Opinion No. 2014 DNH 059
Carolyn W. Colvin,
Commissioner, Social Security
Administration


**ORDER ON APPEAL**

Michael David Huse, Jr. has appealed the Social Security Administration's denial of his application for Disability Insurance Benefits ("DIB") for the period extending beyond July 3, 2008. An administrative law judge at the SSA ("ALJ") ruled that Huse's severe impairments (degenerative disc disease of the lumbar spine, depressive disorder, and anxiety disorder with panic attacks) left him unable to perform any full-time work on a regular and continuing basis between April 1, 2005 and July 3, 2008, entitling him to benefits for that closed period. But the ALJ also ruled that Huse thereafter experienced an improvement in his medical condition that was related to his ability to work, because it resulted in an increase to his residual functional capacity ("RFC"). See 20 C.F.R. §§ 404.1594(b)(1), (b)(3). Specifically, the ALJ found that, as of July 4, 2009, Huse could do sedentary work with just a few limitations, enabling him to perform jobs existing in significant numbers in the national

economy--with the result that, as of July 4, 2008, he was no longer disabled. See id. § 404.1594(f)(9).

The Appeals Council later "found no reason under [its] rules to assume jurisdiction" over Huse's appeal from the ALJ's decision, see id. § 404.968(a), with the result that it became the SSA's final decision on Huse's application, see id. § 404.981. Huse appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Huse has filed a motion to reverse the decision, see L.R. 9.1(b)(1), arguing, among other things, that the ALJ lacked substantial evidence to support his ruling that Huse had experienced a medical improvement related to his ability to work. "Medical improvement is related to [a claimant's] ability to work if there has been a decrease in the severity . . . of the impairment present at the time of the most recent favorable medical decision and an increase in [the claimant's] functional capacity," 20 C.F.R. § 404.1594(b)(3), which measures the claimant's ability to engage in substantial gainful activity, id. § 404.1594(b)(5). "Even where medical improvement related to [the claimant's] ability to work has occurred . . . , [the Commissioner] must also show that [the claimant is] currently able to engage in substantial gainful activity before [the Commissioner] can find [the claimant] is no longer disabled."

Id. § 404.1594(a). The result of this framework, as Huse points out, is that "[u]nder the medical improvement standard, the government must, in all respects, prove that the person is no longer disabled." Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002).[1]

In concluding that Huse was no longer disabled because, as of July 4, 2008, he had experienced a medical improvement related to his ability to work, the ALJ gave substantial weight to the opinions of Dr. Charles Meader, a physician who (without examining Huse) completed a physical RFC assessment on August 21, 2008. In relevant part, Meader found that Huse could sit for about six hours out of eight in a workday and that, even accounting for his pain, weakness, and deconditioning, Huse could

---

[1] Some courts have held that the "medical improvement" standard applies only where there has been "a previous decision in favor of disability, followed by the claimant's receipt of benefits, further followed by a new proceeding resulting in cessation or termination on the ground of medical improvement," as opposed to a case like this one, where the SSA awards a closed period of disability. Camp v. Heckler, 780 F.2d 721, 722 (8th Cir. 1986). But our Court of Appeals has not considered the question and, as Waters recognized, several courts of appeals have come to the contrary conclusion, holding that the medical improvement standard applies to awards of closed periods of disability. 276 F.3d at 718-19 (citing and adopting cases). In any event, the ALJ here applied the medical improvement standard, and the Commissioner, in her motion, argues that the ALJ was correct to do so. Accordingly, this court will review the ALJ's application of the medical improvement standard, despite the unsettled question of whether that standard even applies to a decision awarding a closed period of disability.

attend at least six hours out of eight in a workday.  Based expressly on this assessment, the ALJ found that, as of July 4, 2008, Huse had the RFC to perform sedentary work, see 20 C.F.R. § 404.1567(a), albeit subject to certain non-exertional limitations (no more than simple tasks, no interaction with the general public, and only limited interaction with co-workers).

The problem with this reasoning, as Huse points out, is that

> RFC is the individual's maximum remaining ability to do sustained work activities on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis.  A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

SSR 96-8p, Titles II and XVI:  Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, at *2 (S.S.A. July 2, 1996) (emphasis and footnote omitted).  Here, as just noted, Meader opined only that Huse could attend at least six hours out of eight in a workday--not at least eight hours a day, or an equivalent work schedule.  Meader's opinion, then, does not support the ALJ's finding that, as of July 4, 2008, Huse had the RFC necessary to perform sedentary work.  Indeed, "[u]nder the applicable guidelines, an individual who is unable to work a 40-hour workweek is considered disabled." Mitchell v. Astrue, 2012 DNH 054, 15-16 (citing SSR 96-8p, 1996 WL 374184, at *2) (Barbadoro, J.); see also Dubois v. Astrue, 2012 DNH 109, 11 (Laplante, J.).

In defending the ALJ's decision, the Commissioner does not identify anything else in the record to support the finding that, as of July 4, 2008, Huse was capable of full-time sedentary work. Instead, the Commissioner argues that the ALJ "reasonably found" that Meader's opinion that Huse "could 'attend at least 6 hours out of an 8 hour workday'" was "consistent with a finding that [he] had the ability to sustain full-time sedentary work for eight hours per day, five days per week, or an equivalent work schedule." But whether Meader's opinion can be construed as "consistent with" the ALJ's RFC finding is not the issue. The issue is whether Meader's opinion amounts to substantial evidence supporting the ALJ's RFC finding--because, again, the burden was on the Commissioner, not Huse, to show that, by July 4, 2008, he had recovered the RFC to perform substantial gainful activity. See 20 C.F.R. § 404.1594(a). Meader's opinion that Huse could attend at least 6 hours out of 8 in a workday could not have satisfied that burden, because, again, a claimant lacks the RFC to do work at any exertional level unless he or she can work at least 8 hours a day for 5 days a week or the equivalent. See SSR 96-8p, 1996 WL 374184, at *2. The record is simply bereft of medical evidence that--as of July 4, 2009 or any subsequent point--Huse had the ability to do so.

5

So the ALJ's decision must be vacated insofar as he found that, as of July 4, 2008, Huse had the ability to do sedentary work with specified non-exertional limitations.[2]  Accordingly, Huse's motion to reverse the ALJ's decision (document no. 8) is GRANTED, and the Commissioner's motion to affirm the ALJ's decision (document no. 11) is DENIED.  The case is remanded for further consideration of Huse's RFC after July 3, 2009 in light of this order.  See 42 U.S.C. § 405(g).  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

/s/ Joe Laplante
_____
Joseph N. Laplante
United States District Judge

Dated:  March 20, 2014

cc:  Raymond J. Kelly, Esq.
     T. David Plourde, AUSA

---

[2]Huse challenges that finding on other grounds, including that the ALJ erroneously gave Meader's opinions more weight than those of a physical therapist who had examined Huse, and found Huse's claims of disabling symptoms less than fully credible. Because, regardless of the weight they (or Huse's claims) could have properly been given, Meader's opinions failed to show that Huse regained the RFC for sedentary work as of July 4, 2009, the court need not consider Huse's additional arguments.

6